## STARK & CO. v. LEWIS & NESBIT.

**Appeal—Presumption—Time of Filing Petition, Affidavit, Etc.**

Where both the affidavit and bond in attachment have reference to a pending action and the petition was sworn to on September 16, and the affidavit and bond were executed on the sixth of the same month, the Court of Appeals will assume, in the absence of any date to the filing of the petition, that it was filed when the affidavit and bond were filed.

**Attachment—Affidavits.**

An affidavit in attachment which charges indebtedness to an agent instead of the real plaintiff, is not in compliance with the Code.

**Attachment—Reversal of Cause.**

A cause in attachment can not be reversed for error where there has been no judgment rendered sustaining the attachment.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 5, 1874.

OPINION BY JUDGE PRYOR:

There is no bill of evidence in the record, or anything from which this court can determine that the depositions to which the exceptions were offered to be filed, were read in the case. It is rather a novel practice to refuse to permit exceptions to be filed; but before this court can reverse for such an error, the record must show that the depositions were read on the trial; and this can only be made to appear in an ordinary action by a bill of evidence signed by the judge. It is difficult to determine from the record whether or not the affidavit for the attachment was made before the filing of the petition. The petition was sworn to on September 16, and the affidavit and bond executed on the 6th of that month; still, as both these instruments have reference to an action pending, this court will presume, in the absence of any date to the filing of the petition, that it was filed when the affidavit and bond were filed, and afterwards sworn to by the attorney for the appellees.

The affidavit for the attachment, however, is not in compliance with the provisions of the Code. The affidavit is that the appellants are indebted to the agent, and not to the real plaintiffs; in fact, the agent seems to have regarded himself as the plaintiff in the action. He says the plaintiff, C. B. Evans, agent for plaintiffs, etc., states that the claim is for money due on account, etc., and that he ought, as he verily believes, to recover of the defendants the sum of $———. The objection may seem technical; but with the singular proceeding in this case, and the nature of the writ obtained by the affidavit, a court ought not, by implication or mere inference, supply defects in a proceeding to obtain such a remedy as an attachment. The presumption has been indulged in, that the petition was filed when the attachment was obtained; and to sustain this writ, we must go farther and adjudge that the language used in the affidavit means something else than the words used would ordinarily import.

The motion to discharge the attachment on the face of the papers should have been sustained. No reversal of the cause can be had

for this error, as there has been no judgment rendered sustaining the attachment; nor can there be a reversal of the judgment for the money, as there is no bill of evidence. The judgment is therefore affirmed.

*McKee, for appellants.*

*E. Field, for appellees.*